### In the MATTER OF: Craig R. PERSINGER, Respondent

### Supreme Court Case No. 27S00-1612-DI-681

Supreme Court of Indiana.

June 30, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** Respondent was appointed as appellate counsel in two separate criminal appeals. In both appeals, he timely sought and was granted extensions of time in which to file the appellant's brief. However, in both appeals Respondent thereafter failed to file an appellant's brief, resulting in the appeals being dismissed with prejudice.

In the first appeal, Respondent for seven months did not inform his client that he had failed to timely file an appellant's brief. In the second appeal, about six weeks after the extended deadline had passed Respondent filed a motion for permission to file a belated brief, which the Court of Appeals denied. In both cases, successor appellate counsel later were appointed and were able to revive the appeals.

The parties cite no facts in aggravation. In mitigation, the parties cite Respondent's lack of prior discipline, his cooperation and remorse, and his involvement with JLAP.

**Violation:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 60 days, beginning on the date of this order, all stayed subject to completion of at least two years of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include among other things the parties' agreement that if Respondent violates the terms of his probation, the stay of his suspension may be vacated and he may be required to actively serve the suspension.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursu-

ant to a petition to terminate probation filed under Admission and Discipline Rule 23(16).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.